# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS ERIC NELSON, JR.,

               Plaintiff,

v.

C.O. BEAHM, C.O. SON TAG,
P.D. TORRIA VAN BUREN, and
C.O. SHMELCER,

               Defendants.

Case No. 18-CV-632-JPS

**ORDER**

       Plaintiff Thomas Eric Nelson, Jr., who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (Docket #1). He has also filed a motion seeking leave to proceed without prepayment of the filing fee, (Docket #2), a motion for a transfer to a new institution (Docket #7), a motion for a temporary restraining order (Docket #8), and a motion seeking a response to his complaint from the defendants, (Docket #12). This case is currently assigned to Magistrate Judge Nancy Joseph; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a District Judge for the limited purpose of screening the complaint. The case will be returned to Magistrate Joseph for further proceedings after entry of this order.

       This Order, therefore, resolves Plaintiff's motions and screens his complaint.

1.      **Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act applies to this case because Plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 23, 2018, Magistrate Joseph ordered Plaintiff to pay an initial partial filing fee of $9.05. (Docket #5). Plaintiff paid that fee on April 30, 2018. Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2.      **Screening of the Complaint**

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1 The Plaintiff's Allegations

Plaintiff alleges that while he was incarcerated at Waupun Correction Institution ("WCI"), he was on observation status due to suicidal ideations up until December 21, 2017. However, despite his telling her he still had suicidal ideations, P.D. Torria Van Buren had Plaintiff removed from this status and sent him back to the general population.

As C.O. Keske was transporting Plaintiff out of the rehabilitative health unit ("RHU") to go back to the general population, he conducted a strip search of Plaintiff. After the search, Plaintiff was escorted "to the front vestibule" or "intake section" of the RHU. (Docket #1 at 4–5). While there, Plaintiff and Keske engaged in a physical altercation resulting in Keske putting Plaintiff in "strip search cage one." *Id*. at 5.

Soon thereafter, C.O. Beahm and C.O. Son Tag arrived at the strip search cage where Plaintiff was located. Beahm had Plaintiff exit the cage into the RHU intake section. There was another inmate and a significant number of correctional officers present including a female officer, C.O. Shmelcer. Plaintiff states he was strip searched by the "entire staff." *Id*.

At some point, Beahm held Plaintiff's left arm, Tag held his right, and the officers simultaneously twisted Plaintiff's wrists. Plaintiff screamed in pain—particularly regarding his left wrist that is disabled—and requested medical attention. Beahm twisted Plaintiff's left wrist even more and stated, "Is this the hand you assaulted C.O. Keske with? Huh? Do you still want medical treatment now?" *Id*. To get the officers to stop, Plaintiff states he responded that he did not need medical treatment. The officers then "let up on the pressure." *Id*.

During the search, all of Plaintiff's clothing, including his underwear, was removed "exposing [his] genitals to another inmate and a female CO." *Id*. at 6. Tag conducted a search of Plaintiff's genital area.

After the strip search, Plaintiff was given a kilt to wear and escorted to an observation cell. Beahm was one of the officers escorting Plaintiff. During the escort, he "placed his thumbs on the pressure point of [Plaintiff's] neck, and throat area making it hard for [Plaintiff] to breath." *Id*. During moments when he was able to breathe and talk, Plaintiff told

Beahm he couldn't breathe. Beahm did not stop applying pressure, however.

Plaintiff seeks injunctive relief and compensatory and punitive damages.

### 2.2 The Court's Analysis

"The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004), *as amended* (June 4, 2004) (quoting *Meriwether v. Faulkner*, 821 F.2d 408, 415 (7th Cir. 1987)). In situations regarding body searches of inmates by prison officials, "only those searches that are 'maliciously motivated, unrelated to institutional security, and hence 'totally without penological justification' are considered unconstitutional.'" *Id.* (quoting *Meriwether*, 821 F.2d at 418). To state a claim for an unconstitutional body search of an inmate, Plaintiff has to allege that the search was conducted in a harassing manner intended to humiliate and cause psychological pain. *See id.*

Plaintiff alleges that after he had already been strip searched by Keske, he was subjected to a group strip search involving Beahm, Tag, and Shmelcer. The search was purportedly conducted in response to and in retaliation for Plaintiff's altercation with Keske and done in front of another inmate and a female officer in the open intake section of the RHU. Plaintiff has, therefore, alleged an Eighth Amendment claim of an unconstitutional search against defendants Beahm, Tag, and Shmelcer.

The Eighth Amendment also prohibits the use of excessive force. When assessing a claim for excessive force, the court considers "whether force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Plaintiff states that during the group strip search Beahm and Tag twisted his wrists. Plaintiff also asserts that as he was being escorted to observation Beahm placed his thumb on plaintiff's neck preventing him from breathing or talking. Plaintiff does not note that he was being disorderly during either instance. Thus, he has asserted a claim of excessive force against Tag and Beahm.

Lastly, Plaintiff states that Van Buren released him from observation despite his assertions of continued suicidal ideations. However, Plaintiff does not allege that this action was in disregard to any subsequent suicidal action taken by Plaintiff and thus in disregard of his serious medical needs. *See Estelle*, 429 U.S. at 106 (1976) ("a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs"). Plaintiff, therefore, may not proceed with this claim, and the court will dismiss Van Buren as a defendant.

In sum, the court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Unconstitutional strip search, in violation of the Eighth Amendment, against Beahm, Tag, and Shmelcer;

**Claim Two:** Excessive force, in violation of the Eighth Amendment, against Beahm and Tag.

### 3. Plaintiff's Other Motions

Plaintiff has also moved for injunctive relief by way of a transfer to a new institution and an order temporarily restraining various individuals, including Keske, Tag, Shmelcer, Van Buren, and Beahm, from engaging in acts of harassment against him. As a primary matter and notwithstanding the fact that many of the claims are not related, Plaintiff did not submit a

proposed amended complaint naming the new defendants noted in his temporary restraining order and containing all allegations against all defendants. Because these individuals are not named defendants, the court has no jurisdiction over them at this stage in the case.

Further, and more importantly, on August 8, 2018, Plaintiff filed a notice of change of address stating that he is no longer incarcerated at Waupun Correctional Institution (WCI). He does not indicate that there is a likelihood of his return to WCI. Therefore, his request for injunctive relief will be denied as moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)) (If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless "he can demonstrate that he is likely to be retransferred.").

Finally, because the court is only now screening Plaintiff's complaint in compliance with § 1915A(a), it will deny as unnecessary Plaintiff's motion for the defendants to respond to his complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff's motion to transfer to a new institution (Docket #7) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order (Docket #8) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a reply (Docket #12) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that P.D. Torria Van Buran be and the same is hereby **DISMISSED** as a defendant;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, the clerk's office shall electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants C.O. Beahm, C.O. Son Tag, and C.O. Shmelcer;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, the defendants C.O. Beahm, C.O. Son Tag, and C.O. Shmelcer shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge Nancy Joseph for further proceedings;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that Plaintiff shall mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge