# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS ERIC NELSON, JR.,

        Plaintiff,

v.

JOSEPH BEAHM, JASON SONNTAG, LACEE SMELCER, KYLE DEMERS, JESSE JONES, and WAYNE BAUER,

        Defendants.

Case No. 18-CV-632-JPS

**ORDER**

**1.    INTRODUCTION**

The Court has permitted Plaintiff to proceed on the following claims in his third amended complaint: 1) a claim of an unconstitutional search against Defendants Joseph Beahm ("Beahm"), Jason Sonntag ("Sonntag"), and Jesse Jones ("Jones"); 2) a claim of excessive force against Beahm and Sonntag; 3) a claim of failing to intervene against Defendants Lacee Smelcer ("Smelcer"), Wayne Bauer ("Bauer"), and Jones; and 4) a claim of harassment against Defendant Kyle Demers ("Demers"). *See* (Docket #22 at 4–7; Docket #36). This action was reassigned to this branch of the Court on November 1, 2018.

On April 4, 2019, Plaintiff filed a motion for partial summary judgment as to the first three claims. (Docket #39). On April 19, 2019, Defendants filed their own summary judgment motion as to all of the claims. (Docket #45). They assert that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") as to the first three claims, and that the undisputed facts warrant

judgment in Demers' favor on the final claim. (Docket #45 and #46). For the reasons explained below, Defendants' motion must be granted, and Plaintiff's denied as moot.

2. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. **BACKGROUND**

3.1 **Plaintiff's Failure to Dispute the Material Facts**

In the Court's scheduling order, entered November 2, 2018, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #26 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for a response as set forth in Federal and Local Rules 56. (Docket #45). Plaintiff was provided with additional copies of those Rules along with Defendants' motion. *Id.* at 3–12. In connection with their motion, Defendants filed a supporting statement

of material facts that complied with the applicable procedural rules. (Docket #48). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Plaintiff's response to Defendants' summary judgment motion consists of a four-page brief, (Docket #52), his own four-page affidavit, (Docket #53), and a two-page "statement of disputed factual issues," (Docket #54). The "statement" does not comport with the rules of procedure, as it is devoid of any citations to evidentiary materials. Even looking to Plaintiff's affidavit directly, it focuses on the merits of the first three claims. The merits of those claims are, of course, not relevant to the disposition of Defendants' motion. Plaintiff also fails to discuss the merits of the fourth claim, which *are* at issue in Defendants' motion.

The only relevant statement is a conclusory one, that Plaintiff exhausted his administrative remedies. (Docket #53 at 3). For support for that statement, Plaintiff directs the Court to his own summary judgment submissions. *Id.* This is not the proper method for disputing factual contentions. Plaintiff should present *all* of the evidence he believes provides a basis to dispute Defendants' factual assertions in his own responsive materials. He should not merely gesture at his own submissions in an attempt to formulate a dispute of fact. Nevertheless, the Court will generously consider the arguments and evidence regarding exhaustion of Plaintiff's administrative remedies that were presented in his own motion for summary judgment. Doing so does not change the result of this Order. As to all remaining facts, the Court will, unless otherwise stated, deem Defendants' facts undisputed. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4);

*Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

    **3.2    Exhaustion of Prisoner Administrative Remedies**

It is helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to analyzing the issues in this case. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841–42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections ("DOC") maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise

to the complaint. *Id.* §§ 310.07(1), 310.09(6). A complaint filed beyond that time may be accepted by the ICE, in their discretion, if the inmate shows good cause. *Id.* § 310.07(2). The inmate is required to expressly seek leave to file a late complaint and provide reasons for their tardiness. *Id.*

The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. *Id.* at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ 310.07(6), 310.13. The appeal must be filed within ten days. *Id.* § 310.13(1). The CCE issues a recommendation to the Secretary of the Department of Corrections (the "Secretary") who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

### 3.3 Relevant Facts

At all times relevant, Plaintiff was an inmate at Waupun Correctional Institution and Defendants were correctional officers employed there. On December 21, 2017, Plaintiff got into a physical altercation with a guard while being moved through the prison. Bauer, a captain supervising that area, decided that Plaintiff would be placed on

"control" status, which is reserved for disruptive inmates who refuse to take direction from staff.

Prior to being placed into a cell on control status, Plaintiff needed to be strip searched. Beahm, Sonntag, and Jones performed the search under Bauer's supervision. Plaintiff claims that during the search, the officers applied excessive force to him and stripped him in front of other inmates and female officers.

Once on control status, Plaintiff needed to be checked by the guards every thirty minutes. Plaintiff alleges that during one such check, Demers threatened him with violence. Demers denies doing this. During two other checks, one later that day, and one the next day, Demers says that Plaintiff threatened to kill him.

Plaintiff filed two inmate complaints which are relevant to his claims in this case. The first, WCI-2017-32515 ("Complaint 32515"), was filed on December 26, 2017. Complaint 32515 related solely to Demers' alleged harassment. Plaintiff properly exhausted his remedies as to the harassment claim; Complaint 32515 was timely filed, dismissed by prison officials, timely appealed, and the appeal was dismissed on its merits.

The second complaint, WCI-2018-1386 ("Complaint 1386"), was submitted on January 16, 2018. Complaint 1386 alleged that Beahm and Sonntag had used excessive force during the December 21 search. The complaint was investigated at the institution level and dismissed on its merits on January 25, 2018. Plaintiff later filed an appeal of that dismissal, which was dated March 29, 2018, and received by the CCE on April 2, 2018. The CCE rejected the appeal as untimely, and that rejection was upheld by the Secretary.

4.  **ANALYSIS**

As noted above, Defendants seek summary judgment as to failure to exhaust on the first three claims, and on the merits of the final claim. The Court will address each claim below.

### 4.1  Unconstitutional Search, Excessive Force, and Failure to Intervene

Defendants correctly assert that Plaintiff has failed to exhaust his administrative remedies as to the first three claims he presents. He has never filed any inmate complaints with respect to the unconstitutional search or failure-to-intervene claims. As to excessive force, though he filed a complaint and proceeded appropriately through the ICRS process at the institution level, Plaintiff did not timely appeal the denial of his complaint. The CCE rejected the appeal as untimely. A rejected appeal does not achieve exhaustion, as it means that the prisoner failed to follow all steps in the grievance process. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *Edmonson v. McCaughtry*, 157 F. App'x 908, 910 (7th Cir. 2005).

Plaintiff admits that his appeal was late. (Docket #40 at 7). His only excuse for this is "because CO's took my timely ICE appeals on March 6th so I had to re-file which made it untimely." *Id.* This excuse fails for many reasons. First, it is devoid of all material details. Which guards took the appeal documents, and why? Were the documents taken maliciously, or rightfully as part of some disciplinary sanction against Plaintiff? Second, even if Plaintiff had drafted an appeal as of March 6, this would still have been far too late to comport with the ten-day appeal deadline. Third, and most damningly, nowhere in Plaintiff's appeal of the dismissal of Complaint 1386 did he mention that a guard had taken an appeal which he had timely drafted. (Docket #50-3 at 20–21). Plaintiff cannot present excuses

about timeliness to this Court that he did not offer to CCE as part of the ICRS process. *Vanpietersom v. Peterson*, Case No. 18-CV-60-JPS, 2018 WL 4178182, at *3 (E.D. Wis. Aug. 30, 2018).

Plaintiff's other arguments about the first three claims are directed at the merits of those claims. (Docket #52). The Court cannot reach the merits of the claim, however, because Plaintiff did not properly exhaust his administrative remedies. Summary judgment is appropriate in Defendants' favor on that basis.

### 4.2 Harassment

The Eighth Amendment's prohibition on cruel and unusual punishment provides a limited avenue for prisoners to complain about harassment by state officials. However, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Actionable harassment has been found, or hypothesized, in scenarios where the harasser: 1) lies about a prisoner having a terminal disease, 2) lies about a prisoner's family being killed, and 3) makes comments about a prisoner suggesting that the prisoner is homosexual, thereby making the prisoner more vulnerable to harassment by other prisoners. *Id.* at 357–58. "Threats of grave violence" can also constitute cruel and unusual punishment. *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015).

While Plaintiff alleged that Demers threatened him with violence, Demers categorically denies this. (Docket #49 at 4). Nowhere in Plaintiff's response to Defendants' summary judgment motion does he dispute Demers' denial. *See generally* (Docket #52, #53, and #54). Indeed, Plaintiff barely mentions the harassment claim at all. The closest Plaintiff comes to a relevant statement is his denial of making any threats toward Defendants.

(Docket #53 at 3). This denial is meaningless in the absence of a dispute about whether Demers made any threats. Without evidence of an actionable threat, Defendants are entitled to summary judgment on Plaintiff's harassment claim.

5.  **CONCLUSION**

Defendants are entitled to summary judgment on the first three claims for Plaintiff's failure to exhaust his administrative remedies, and on the fourth claim for lack of actionable harassment. The Court will, therefore, dismiss the first three claims without prejudice,[1] the fourth claim with prejudice, and with no claims remaining, it will dismiss the action generally.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #45) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (Docket #39) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's claims for unconstitutional search, excessive force, and failure-to-intervene (Docket #22 at 4–7; Docket #36) be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's claim for harassment (Docket #22 at 4–7; Docket #36) be and the same is hereby **DISMISSED with prejudice**; and

---

[1] Although it seems unlikely that Plaintiff will be able to complete the ICRS process for his first three claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge